**HASBANI & LIGHT, P.C.**
450 Seventh Avenue, Ste 1408
New York, New York 10123
(212) 643-6677
Rafi Hasbani, Esq.
*Counsel for Plaintiff Windward Bora, LLC*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

WINDWARD BORA, LLC,                                    Case No.: 1:20-cv-2929

                                               **COMPLAINT**

                      Plaintiff,

                 -against -

DEAN HOLDING LLC; LEROY M. FREDERICK, JR.; AMOS FINANCIAL LLC; HAREL GROUP INVESTORS LLC; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; AM TRUST BANK; CITY OF NEW YORK DEPARTMENT OF TRANSPORTATION PARKING VIOLATIONS BUREAU; CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD; NEW YORK CITY DEPARTMENT OF HOUSING PRESERVATION & DEVELOPMENT; "JOHN DOE" and "JANE DOE," the last two names being fictitious, said parties intended being tenants or occupants, if any, having or claiming an interest in, or lien upon, the premises described in the complaint,

                      Defendants.
------------------------------------------------------------------X

       Plaintiff, Windward Bora, LLC by its attorneys Hasbani & Light, P.C., hereby alleges upon information and belief:

## NATURE OF THE ACTION

       1.    This is an action brought pursuant to New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on a mortgage encumbering the property

commonly known as 1173 Dean Street, Brooklyn, New York 11216, known on the Kings County Tax Map as Block: 1206 Lot: 56 in the County of Kings, and City and State of New York (the "Property").

## PARTIES

2. Windward Bora, LLC is a limited liability company organized under the laws of the State of Delaware.

3. Windward Bora, LLC is a single-member limited liability company, whose sole member is a resident of the State of Florida. For the purposes of diversity, Windward Bora LLC is a citizen of both Delaware and Florida.

4. Dean Holding, LLC, upon information and belief, for the purposes of diversity is a resident and citizen of the State of New York. Dean Holding, LLC is a necessary party defendant to this action because it is the record owner of the Property by virtue of the Deed recorded on April 7, 2016.

5. Leroy M. Frederick Jr., upon information and belief, for the purposes of diversity is a resident and citizen of the State of New York. He is a necessary party defendant because he (i) was present at the time of the execution of the Note and Mortgage (as such terms are defined below); (ii) is the borrower of the loan; and (iii) is a Mortgagor under the Mortgage.

6. Amos Financial LLC, upon information and belief, for the purposes of diversity is a resident and citizen of the state of Illinois. Amos Financial LLC is a necessary party defendant because it is the mortgagee of record of a Mortgage that is subordinate to Plaintiff's Mortgage.

7. Harel Group Investors LLC, upon information and belief, for the purposes of diversity is a resident and citizen of the State of New York. Harel Group Investors LLC is a necessary party defendant because of a Contract of Sale recorded against the Property which is

subordinate to Plaintiff's Mortgage.

8. New York State Department of Taxation and Finance is an administrative tribunal of the State of New York, located at Harriman Campus Road, Albany, New York 12226. For the purposes of diversity, New York State Department of Taxation and Finance is a citizen of New York. New York State Department of Taxation and Finance is a necessary party defendant in this action because it is a judgment creditor by virtue of the judgment docketed against Dean Holding Corp and/or Property which is subordinate to Plaintiff's Mortgage. Attached as **Exhibit A** is a true and correct copy of the judgment.

9. Am Trust Bank, upon information and belief, is savings bank chartered under federal law with a principal place of business in Cleveland, Ohio, the accounts of which are insured by the Federal Deposit Insurance Corporation ("FDIC"). For the purposes of diversity, Am Trust Bank is as citizen and resident of Ohio. Am Trust is a necessary party defendant because it is a judgment creditor by virtue of the United States District Court for the Eastern District of New York docketed on June 24, 2009.  Attached as **Exhibit B** is a true and correct copy of this judgment.

10. New York City Department of Transportation Parking Violations Bureau is an administrative tribunal of the State of New York, located at 100 Church Street, New York, New York 10007. For the purposes of diversity jurisdiction, New York City Department of Transportation Parking Violations Bureau is a citizen of New York. New York City Department of Transportation Parking Violations Bureau is a necessary party defendant in this action because it is a judgment creditor by virtue of the judgments docketed against the Property which are subordinate to Plaintiff's Mortgage. Attached as **Exhibit C** is a true and correct copy of the judgment.

11. New York City Department of Housing Preservation & Development is an

administrative tribunal of the City of New York, located at 1 Centre Street, New York, New York 10007. For the purposes of diversity jurisdiction, New York City Department of Housing Preservation & Development is a citizen of New York. New York City Department of Housing Preservation & Development is a necessary party defendant in this action because it is a judgment creditor by virtue of the judgments docketed against the Property which are subordinate to Plaintiff's Mortgage. Attached as **Exhibit D** is a true and correct copy of the judgment.

12. Defendants "JOHN DOE" and "JANE DOE" are additional parties being the tenants, occupants, persons, or corporation, if any, having or claiming an interest in or lien upon the Subject Property. *See* NYRPAPL §§ 1311, 1312 and 1313.

13. Each of the above-named defendant(s) has or claimed to have or may claim to have some interest in or lien upon said mortgaged premises or some part thereof, which interest or lien, if any, has accrued subsequent to, and is subject and subordinate to, the lien of said Mortgage.

## JURISDICTION AND VENUE

14. This Action is between citizens of different states. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00. Therefore, jurisdiction is based upon diversity of citizenship pursuant to 28 U.S.C. §1332.

15. Venue is deemed proper in this District pursuant to 28 U.S.C. §1391. A substantial part of the events giving rise to this action took place within the jurisdiction of this court and the Property is located in this district.

## AS AND FOR A FIRST CAUSE OF ACTION

16. On August 24, 2005, Leroy M. Frederick, Jr. ("Frederick") executed a mortgage (the "Mortgage") in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Home Funds

Direct securing a debt against the Property. The Mortgage was in the amount of $144,000.00. A copy of the Mortgage is annexed hereto as **Exhibit E**.

17. Pursuant to the Mortgage, in any lawsuit for foreclosure and sale, lender will have the right to collect all costs and disbursements and additional allowances allowed by the applicable law and will have the right to add all reasonable attorneys' fees to the amount borrower owes lender which fees shall become part of the Sums Secured. *See id*.

18. A note secured by the Mortgage was also executed by Frederick on August 24, 2005 (the "Note"). A copy of the endorsed Note is annexed hereto as **Exhibit F**. The Note and the Mortgage shall collectively represent the "Loan".

19. Frederick defaulted under the Note for $202,458.88.80 owing to Plaintiff and no payment thereof has been made to Plaintiff from Frederick despite demand, by having failed to make monthly payments on July 2, 2014 to date.

20. The Mortgage was then assigned by physical delivery of the endorsed note to the Plaintiff on September 12, 2019. *See* ¶ 7 of the Affidavit of Yonel Devico annexed hereto as **Exhibit G**.

21. Plaintiff is the owner of the Note and is in possession of the wet-ink note with a proper allonge. Therefore, Plaintiff is the holder and owner of both the Note and Mortgage on the date of the filing of this this complaint. *See* **Exhibits E**, **F** and **G**.

22. Defendant Dean Holding, LLC owns the equity of redemption herein foreclosure and is joined as necessary defendants to foreclosure all right, title, interest and equity of redemption in the Property.

23. Plaintiff verily believes that during the pendency of this action in order to protect the security of the Mortgage, it may be compelled to make advances to prior mortgages, if any, for

installments of principal and interest, taxes, assessments, water rates, and/or fire insurance premiums that are or may become due under said prior mortgage or to the receiver of taxes, or the fire insurance company, which advances are to be included in the balance due to Plaintiff, plus interest, as provided for in the Mortgage foreclosed and deemed further secured thereby.

24. That no other action is pending for the recovery or said sum secured by the note and mortgage.

25. That Plaintiff shall not be deemed to have waived, altered, released or changed the election made by reason of any payment after the date of commencement of this action.

## AS AND FOR A SECOND CAUSE OF ACTION

26. By reason of the aforesaid provisions set forth in the Note and Mortgage, there is due and owing the Plaintiff from Frederick, reasonable attorneys' fees, plus costs and disbursements, for which demand is hereby made.

**WHEREFORE**, the Plaintiff demands judgment that the defendants herein and all persons claiming under them or any or either of them subsequent to the commencement of this action may be forever barred and foreclosed of all right, claim, lien and equity of redemption in the said Property; that the said premises may be decreed to be sold according to law in "as is" physical order and condition, subject to any covenants, easements, restrictions and reservations of record; any violations of record; any state of facts an accurate survey may show; any zoning regulations or amendments thereto; rights of tenants or persons in possession of the subject premises; any prior mortgage liens of record; any prior lien of record; and any advances or arrears hereunder; that this Court forthwith appoint a receiver of the rents and profits of said premises, during the pendency of this action with the usual powers and duties; that monies arising from the sale may be brought into court; that plaintiff may be paid the amount due on said note and mortgage with interest to the

time of such payment, attorney's fees, as set forth in the mortgage, the costs of this action and the expenses of said sale so far as the amount of such monies properly applicable thereto will pay the same; and that defendant Leroy M. Frederick Jr. may be adjudged to pay the whole residue, or so much thereof as the Court may determine to be just and equitable, of the debt remaining unsatisfied after the sale of the Property and the application of the proceeds pursuant to the provisions contained in such judgment, the amount thereof to be determined by the Court as provided in Section 1371 of the Real Property and Proceedings Law.

Dated: New York, New York
      July 2, 2020

BY:   */s/ Rafi Hasbani*
      Rafi Hasbani, Esq.
      *Attorneys for Plaintiff Windward Bora, LLC*
      450 Seventh Avenue, Ste 1408
      New York, New York 10123
      rhasbani@hasbanilight.com
      Tel: 212.643.6677